IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY AND DAVID, an Oregon corporation,

Plaintiff,

v.

J&P ACQUISITION, INC., a Delaware corporation; DONALD HACHENBERGER; and GLENDA HACHENBERGER,

Defendants.

C.A. No. 10-124 (GMS)

**MEMORANDUM**

## I. INTRODUCTION

On June 18, 2009, Harry & David commenced an action against J&P Acquisition ("J&P"), Donald Hachenberger and Glenda Hachenberger for breach of contract, among other claims, in the United States District Court for the District of Oregon. *Harry and David v. J&P Acquis., Inc., et al.*, C.A. No. 09-3056-CL (the "Oregon Action"). On December 17, 2009, the Oregon District Court dismissed Donald and Glenda Hachenberger, without prejudice, for lack of jurisdiction, specifically allowing Harry & David to commence the Delaware action against the Hachenbergers. On February 16, 2010, Harry & David commenced this action against the Hachenbergers. On May 19, 2010, Harry & David filed a motion for default judgment, alleging that Donald and Glenda Hachenberger had been properly served, but had failed to timely file a responsive pleading. Glenda Hachenberger filed her objection to Harry & David's motion for

default judgment on June 7, 2010.[1] For the following reasons, the court will deny Harry & David's motion for default judgment.

## II. BACKGROUND

On or about March 30, 2007, Harry & David and J&P Acquisition, Inc. ("J&P") along with the Hachenbergers, executed an agreement under the terms of which Harry & David sold to J&P various assets (the "Purchase Agreement"). Included in the consideration for the purchase of the assets was J&P's obligation to pay three promissory notes, executed simultaneously, in an amount totaling two million dollars. Contemporaneously upon the execution of the Purchase Agreement and Promissory Notes, J&P also entered into a supply agreement (the "Supply Agreement"). The Hachenbergers acted as guarantors of J&P with respect to the three Promissory Notes and the Supply Agreement.

Harry & David alleges that J&P breached the Promissory Notes by failing to remit the required payments to Harry & David. Harry & David also contend that J&P breached the Supply Agreement by failing to fill purchase orders remitted to J&P by Harry & David in accordance with the terms of the agreement. As a result of this alleged breach, on June 18, 2009, Harry & David commenced the Oregon Action against J&P, Donald Hachenberger and Glenda Hachenberger. Upon the Hachenbergers' motion, on December 17, 2009, the District Court for Oregon dismissed the Hachenbergers, without prejudice, because the choice of law provision within the Purchase Agreement designates Delaware as the chosen jurisdiction. Following this dismissal, Harry & David claim that its Oregon counsel told the Hachenbergers' counsel that it would soon re-file the action in Delaware.

---

[1] Donald Hachenberger does not join Glenda Hachenberger's motion, and has not filed a responsive pleading to this date. Accordingly, this order only resolves the default judgment dispute between Harry & David and Glenda Hachenberger.

Therefore, Harry & David contend that it filed the Delaware action with the Hachenbergers' full knowledge. Harry & David further allege that it offered to give the Hachenbergers and J&P additional time to respond to the summary judgment motion filed in the Oregon Action in exchange for counsel accepting service for the Delaware Action on behalf of the Hachenbergers, but counsel refused.

Thereafter, Harry & David attempted to locate the Hachenbergers, and eventually obtained information of the whereabouts of Glenda Hachenberger through a third party investigator. On April 25, 2010, Harry & David mailed the Alias Summons and Complaint in this action by the United States Postal Service, via certified mail, return receipt requested, to Glenda Hachenberger at 33904 Upper Bear Creek Road, Evergreen, CO 80439 ("Colorado Service"). On April 26, 2010, a Phil Dickinson picked up the Colorado Service and signed the return receipt.

Also, on April 25, 2010, Harry & David mailed the First Pluries Summons and Complaint in this action by the United States Postal Service, via certified mail, return receipt requested, to Glenda Hachenberger at 2878 Markham Woods Road, Longwood, FL 32779 ("Florida Service"). On April 27, 2010, a William Manning picked up the Florida Service and signed the return receipt.

Glenda Hachenberger claims that during the year 2010 she principally resided in Greenwood, South Carolina, and had not physically resided at the Florida address from roughly January through July 2010. She states that she has not physically resided at the Colorado address for the past five years. Ms. Hachenberger contends that neither the Florida, nor the Colorado address was her actual residence at the time the service of processes were mailed. Furthermore, Ms. Hachenberger claims that she never authorized William Manning, or Phil Dickinson to

accept certified letters for her, or to sign any return receipts on her behalf. Neither Mr. Manning nor Mr. Dickinson are Glenda Hachenberger's agent. Mr. Manning is her caretaker for the Florida residence. Mr. Dickinson's relationship to Ms. Hachenberger is unknown to the court.

Harry & David, upon receiving the Certified Mail Domestic Return Receipts on April 29, 2010, and believing it had perfected service, timely filed the appropriate affidavits attesting to service on May 3, 2010, and filed a motion for default judgment as to Donald and Glenda Hachenberger on May 19, 2010. Glenda Hachenberger filed her objections to Harry & David's motion for default judgment on June 7, 2010, alleging, among other things, that she was never served process. The Clerk of Court entered default judgment as to Donald and Glenda Hachenberger on March 31, 2011.[2] On September 15, 2011, the parties appeared here for a default hearing. At that hearing, the parties agreed that the court should rule on the service of process dispute before continuing with the default judgment hearing.

## III. STANDARD OF REVIEW

The issue before the court is whether Harry & David complied with 10 *Del. C.* § 3104. The Federal Rules of Civil Procedure explicitly provides that the federal courts are governed by state law in matters involving service of process on a nonresident defendant. Fed.R.Civ.P. 4(e). The current version of 10 *Del. C.* § 3104 was enacted by the General Assembly effective October 7, 2008. The new statute revised Delaware's prior long-arm statute and was designed to place

[2] Prior to the Clerk's entry, several more motions and briefs had been filed by the parties concerning the pending default judgment. On July 7, 2010, Harry & David filed its first response to Ms. Hachenberger's objections (amended on July 22, 2010). On July 19, 2010, Glenda Hachenberger filed a motion to strike Harry & David's brief in response to her opposition to direction for entry of default judgment. On August 2, 2011, Harry & David filed a response to Ms. Hachenberger's motion to strike. Additionally, after the Clerk's Entry of Default, the court denied Ms. Hachenberger's motion to strike as moot. Since the arguments made in all of the above motions are for the most part identical, and because Ms. Hachenberger's motion to strike has been ruled moot, this order addresses Ms. Hachenberger's initial objections to Harry & David's motion for default judgment, and Harry & David's amended reply to those objections.

Delaware's long-arm statute in accord with the long-arm statutes adopted by other states.[3] 10 *Del. C.* § 3104 provides in pertinent part:

> (d) When the law of this State authorizes service of process outside the State, the service, when reasonably calculated to give actual notice, may be made:
>
> > (1) By personal delivery in the manner prescribed for services within this State.
> >
> > (2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.
> >
> > (3) By any form of mail addressed to the person to be served and requiring a signed receipt.
> >
> > (4) As directed by a court.
>
> (e) Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner provided or prescribed by the law of this State, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.

"[D]ue process requires [a party] to provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" Jones *v. Flowers*, 547 U.S. 220, 221, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). Therefore, a party should take all reasonable steps in attempting to provide notice to a party of a pending lawsuit, and "when the attempted notice letter [is] returned unclaimed, and there was more that reasonably could [have] be[en] done[,]" it is the

[3] *See* synopsis of 10 *Del. C.* § 3104

responsibility of the party sending notice to take additional steps to ensure proper service. *Maldonado v. Matthews*, 2010 WL 663723 at *3 (Del.Super.2010) *quoting Jones*, 547 U.S. at 238.

## IV. DISCUSSION

### A. Service of Process

On April 25, 2010, Harry & David mailed the service process by the United States Postal Service, via certified mail, return receipt requested, to Glenda Hachenberger's Colorado address. On April 26, 2010, a Phil Dickinson picked up the Attempted Colorado Service and signed the return receipt.

Also, on April 25, 2010, Harry & David mailed the service of process by the United States Postal Service, via certified mail, return receipt requested, to Glenda Hachenberger's Florida address. On April 27, 2010, a William Manning picked up the Florida Service and signed the return receipt.

After receiving the Certified Mail Domestic Return Receipts on April 29, 2010, Harry & David timely filed the appropriate affidavits attesting to service on May 3, 2010, and filed a motion for default judgment as to Donald and Glenda Hachenberger on May 19, 2010. Glenda Hachenberger filed her objections to Harry & David's motion for default judgment on June 7, 2010, alleging, among other things, that she was never served process. The Clerk of Court entered default judgment as to Donald and Glenda Hachenberger on March 31, 2011.

Harry & David contend that Glenda Hachenberger was properly served because the means used to serve her was reasonably calculated to give her actual notice. Harry & David submit that Ms. Hachenberger should not be permitted to subvert the action against her simply by refusing to accept the service mailed to her residences. Furthermore, Harry & David argue

that service was perfected under the circumstances because Ms. Hachenberger held herself out as a Florida resident thoughout the Oregon Action, and she was aware that Harry & David intended to file the Delaware Action. Therefore, Harry & David argue that it has met the Section 3104 requirements for nonresident service of process.

Glenda Hachenberger, on the other hand, argues that default judgment was improperly entered against her because she was never served process. Ms. Hachenberger argues that Harry & David failed to serve her by any of the four methods set forth in Section 3104: (1) personal delivery; (2) in the manner provided by the law of the place in which service is made; (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the court. Ms. Hachenberger states that she was not residing at either the Colorado or the Florida address; therefore, the service to those addresses were not reasonably calculated to give her actual notice. She was not present and did not sign either of the receipts. Furthermore, Ms. Hachenberger states that neither Mr. Manning nor Mr. Dickinson are her agent, and therefore any return receipt signed by them is ineffective. Accordingly, without further evidence of personal delivery to her, Harry & David's proof of service as required by the long-arm statute is insufficient. The court agrees with Ms. Hachenberger.

Harry & David have misinterpreted Section 3104. Harry & David stress the fact that its method delivery of service was "reasonably calculated to give [the defendant] actual notice." The plaintiff omits critical statutory language from its argument. Section 3104 provides: "*When* the law of this State authorizes service of process outside the State, the service *when reasonably calculated* to give actual notice, *may be made* . . . ." 10 *Del. C.* § 3104, *emphasis added.* Thus, it is clear that the phrase "when reasonably calculated to give actual notice" serves as an additional requirement to proper service, not as a substitute for one of the enumerated methods of

service. In other words, service of process must be made through one of the four enumerated methods, *and*, must be made in a method reasonably calculated to give the defendant actual notice. Given the circumstances here, Harry & David did not choose such a method. Harry & David did not receive a receipt signed by Ms. Hachenberger. Mr. Manning, the caretaker of the Florida property did sign a receipt; however, he was not authorized to act as Ms. Hachenberger's agent. Harry & David may have attempted service by one of the enumerated methods, namely by mail return receipt, but that method did not, under the circumstances satisfy the statute.

Harry & David also argue that service was perfected because Section 3104 states, "When service is made by mail, proof of service shall include a receipt signed by the addressee *or other evidence of personal delivery to the addressee satisfactory to the court*. 10 *Del. C.* § 3104, *emphasis added.* Harry & David contend that Mr. Manning's receipt of the process, coupled with Ms. Hachenberger's alleged knowledge of the forthcoming Delaware Action qualify as other evidence which should be sufficient proof of proper service. The language of Section 3104, however, makes clear that the term "other evidence" means evidence that the defendant actually *received the process*, not merely evidence of the defendant's actual knowledge of the pending suit. Although Harry & David allege that Ms. Hachenberger knew of the pending suit, they do not suggest that she was in actual receipt of the process as required by Section 3104.

Both parties agree that Delaware's current long-arm statute is relatively new, and there are few cases that address it. The court in *Maldonado v. Matthews* was faced with a similar situation wherein the plaintiff in a motor vehicle accident dispute sent service of process to the defendant's last known address, which she had provided to Wilmington police officers immediately after the accident. 2010 WL 663723 at *1 (Del.Super.2010). A month later, the copy of the service of process was returned by the postal service as "unclaimed." *Id.* The

plaintiff then filed a First Proof of Non-Receipt with the court and then used an internet search service to find other addresses at which the defendant might reside. The plaintiff sent two more copies of process to addresses that were uncovered by the internet service. *Id.* One was returned indicating that the addressee had moved and left to forwarding address. *Id* at *2. Shortly thereafter, the plaintiff's attorney received a voicemail from a woman, who identified herself as Ms. Matthews and admitted that she had received the service of process because they were sent to her ex-husband's residence. *Id.* Ms. Matthews did not leave a forwarding address. *Id.*

The defendant then moved to dismiss the complaint arguing that the plaintiff failed to comply with Section 3104, specifically by not providing the court with a signed receipt. *Id.* The court held that the plaintiff did comply with Section 3104 by providing "other evidence of personal delivery to the addressee", i.e., the voicemail message in which the defendant admitted to having received a copy of the service of process. *Id.* at *4. Harry & David contend that the present case is analogous to *Maldonado*, and therefore, this court should likewise find that service was proper. However, as noted above, the critical difference between this situation, and that in *Maldonado*, is that the plaintiff in *Maldonado* produced additional evidence that the defendant was in actual receipt of the service of process. Here, on the other hand, harry & David have merely alleged that Ms. Hachenberger should have known it would sue her, and thus should have known it would serve her process. The factual distinctions in these cases demonstrate that Harry & David have yet to properly serve Ms. Hachenberger.

B. Default Judgment

Ms. Hachenberger contends that because she was never properly served, the default judgment should be set aside. "Proper service is crucial in cases such as this one, in which a default judgment has been entered, since proper service commences the running of the time

period which forms the basis of the default. In the 'sensitive area' of default judgments, procedural requirements are strictly constructed. . . ." *Coil Co. v. Weather-Twin Corp.*, 539 F.Supp. 464, 470 (S.D.N.Y. 1982) (citing *Gangi v. Delco Cab Co.*, 411 A.2d 798, 800 (Pa.Super.1979)). "[A] default judgment entered where there has not been strict compliance with the rules of civil procedure is void." *Id.* (quoting *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 329 A.2d 682, 684 (Pa.Super.1974)).

Courts are to consider three factors in deciding whether to grant a motion for default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Hurst v. City of Rehoboth Beach*, No. Civ.A. 03-251-KAJ, 2005 WL 823867, at *3 (D.Del. 2005) (citing *Chamber*lain v. *Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000)). Ms. Hachenberger contends that Harry & David have shown no urgency in litigating this matter, and waited several months after filing its complaint to even attempt to serve her. Accordingly, Ms. Hachenberger argues that Harry & David would suffer no prejudice should the default be denied. Ms. Hachenberger further contends that she has litigable defenses, as set forth in the Oregon Action. And finally, Ms. Hachenberger argues she has not delayed this proceeding, but rather Harry & David have caused the delay through its improper service of process. Harry & David, for its part, allege that Ms. Hachenberger has very consciously and deliberately acted to delay these proceedings and did not become involved in this matter until default judgment was threatened. No matter Ms. Hachenberger's motives or intentions, she was not properly served and therefore was not legally called to answer. As such, the default judgment must be set aside. "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside. *Gold Kist v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

**V CONCLUSION**

For the foregoing reasons, the court denies Harry & David's motion for default judgment.

Dated: October 7, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY AND DAVID, an Oregon corporation,

Plaintiff,

v.

J&P ACQUISITION, INC., a Delaware corporation; DONALD HACHENBERGER; and GLENDA HACHENBERGER,

Defendants.

C.A. No. 10-124 (GMS)

**ORDER**

AND NOW, this 7th day of Oct, 2011, upon consideration of the motion of Harry & David for Default Judgment as to Glenda Hachenberger, it is hereby ORDERED and DECREED that the motion is DENIED.

CHIEF, UNITED STATES DISTRICT JUDGE